Will Morrison (07587)
MORRISON LAW OFFICE, INC.
5957 S Redwood Rd, #101
Salt Lake City, UT 84123
Telephone: 801-519-9772
Email:  willmorrison01@gmail.com

Attorney for Debtor/Defendant Allen Beal

---

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| In re: | : | |
| | : | Bankruptcy Case No.: 19-20276 |
| ALLEN BEAL | : | Chapter 7 |
| | : | |
| Debtor. | : | |
| _____ | : | |
| | : | |
| STATE BANK OF SOUTHERN UTAH, | : | |
| a Utah banking corporation, | : | |
| | : | |
| Plaintiff, | : | Adversary Proceeding No.: 19-02043 |
| | : | |
| v. | : | |
| | : | |
| ALLEN BEAL, | : | |
| | : | |
| Defendant/Debtor. | : | |

---

### DEFENDANT'S OBJECTION TO PLAINTIFF'S VERIFIED MOTION FOR EXTENSION OF TIME FOR FILING ADVERSARY PROCEEDING

---

COMES NOW the Defendant, Allen Beal, by and through counsel, who hereby submits the following Objection to Plaintiff's Verified Motion for Extension of Time for Filing Adversary Proceeding for Non-Dischargeability and Denial of Discharge Pursuant to 11 U.S.C. §§ 523 and 727 (hereinafter referred to as "the Motion"):

## RESPONSE TO PLAINTIFF'S VERIFIED STATEMENT OF FACTS:

Defendant responds to the Plaintiff's "Verified Statement of Facts" as follows:

1.    Solely for purposes of disposing of the subject Motion, Defendant is willing
to accept as true Plaintiff's Facts #1-8.  However, it should be noted that
the default judgment referenced in Fact #2 does not contain any findings
that would form the basis for a nondischargeability action against the
Defendant.

2.    Defendant disputes Fact #9 with respect to the purported claim by State
Bank that the adversary complaint and exhibits were "properly and timely"
prepared.  It appears that such allegation is contradicted by Fact #19 (in
which Plaintiff's counsel admits to only sending copies of Exhibits 1-4 to
Defendant's counsel, suggesting that the remaining exhibits [Exhibits 5-
10] had not yet been prepared) and also by Fact #23 (in which Plaintiff's
counsel states that a subsequent filing had to be made to correct at least
one of the exhibits, once again suggesting that not all of the exhibits had
been "properly and timely" prepared).

3.    Defendant disputes Fact #10 regarding the allegation that Plaintiff's
counsel undertook to log into ECF and file the adversary complaint at
"approximately 11:35 pm" on April 22, 2019.  Such allegation is flatly
contradicted by the Letter from David A. Sime of the Bankruptcy Court
(hereinafter the "Sime Letter" ((Dkt #28 of Case #19-20276)).  The Sime
Letter indicates that Plaintiff's counsel first accessed the Court's CM/ECF
system at 11:40:45 pm.  Fact #10 is self-serving and simply not credible

2

when viewed in connection with the Sime Letter.  Also, as noted in paragraph 3 above, the allegation that Plaintiff had "everything" ready for filing prior to 11:30 pm is not credible.

4.    Fact #11 is disputed.  There is no credible evidence before the Court to show that the CM/ECF system was experiencing technical problems during the time in question.  Once again, the Sime Letter flatly contradicts such an allegation.  It states in pertinent part: "You contacted the Court to report the problems you had with your filing on Tuesday, April 23, 2019.  Once notified, **we checked the system and found it to be working properly.  We received no other reports of problems with the system from other CM/ECF filers during the same time frame**."  (Sime Letter, page 2 at ¶6 (emphasis added)).

5.    Facts #12-17 is disputed for the reasons set forth in paragraph 4 above.  The problems referenced by Plaintiff's counsel seem to be one of "user error", not CM/ECF system problems.

6.    Regarding Facts #18-20, the submission by email of the Complaint after the applicable midnight filing deadline is irrelevant.  Sending an email (or even multiple emails) to Defendant's counsel is not the equivalent of properly filing the Complaint with the Court.

7.    Facts #21-23 are simply more evidence of user error, not CM/ECF system error.

8.    Fact #24 is not disputed.

9.      Fact #25 contains inadmissible hearsay and should be stricken.  The

same is true for Facts #27 and #30.  A separate motion to strike will be

filed to address the same (Fact #30 also contains certain allegations that

lack foundation, which will likewise be addressed in the motion to strike).

10.     Facts #26, 28, and 29 are not disputed.


**VERIFIED STATEMENT OF ADDITIONAL FACTS**:

The following verified facts should also be considered by the Court in disposing

of the Plaintiff's Motion [commencing with Fact #31 in keeping with the numerical

sequence started in the Plaintiff's Motion; these facts are verified according to the

Verification set forth at page 13 below]:

31.     Defendant's Chapter 7 bankruptcy case was filed on 1/15/19.  The

deadline set by the Bankruptcy Court for objecting to discharge and/or to

dischargeability was April 22, 2019.  (See "Notice of Chapter 7 Bankruptcy

Case", dated 1/22/19, on file with the Court.)

32.     State Bank of Southern Utah was duly listed by the Debtor as a creditor in

the case, and it appears on the Court's creditor matrix (see Matrix and

Debtor's Schedule E/F, on file with the Court.)

33.     Defendant's 341 Meeting was held on 2/20/19 at 9:30 AM, and Plaintiff's

attorney, Steven Call, attended the Meeting on behalf of the Plaintiff and

posed questions of the Debtor.

34.     Thereafter, Plaintiff waited until the last possible day to file a motion for

2004 exam of the Debtor, filing the same on 4/5/19 (Dkt #14 in case #19-

20276), and setting the 2004 exam on 4/22/19 at 9:30 AM, at the office of Plaintiff's counsel in Salt Lake City, Utah (Dkt #22 in case #19-20276).

35.    Both Defendant and his counsel had to adjust their schedules to accommodate appearing at the 2004 exam as scheduled.  In doing so, counsel for the Defendant asked Plaintiff's counsel if the 2004 exam could be held at 11:00 AM, rather than 9:30 AM, so as to accommodate the Defendant who would be traveling from his residence in Ephraim on the morning of the exam (a distance of well over 100 miles away, one way).

36.    Defendant's counsel refused to allow the 2004 exam to be held later than 9:30 AM, stating he did not want to "work late" that day.

37.    The 2004 exam then commenced as scheduled and was subsequently completed at about  2:30 PM on 4/22/19, leaving Plaintiff's counsel with approximately 9½ hours of time within which to file an adversary complaint that he claims had already been previously prepared (see Plaintiff's Fact #4).  Despite this, the Complaint was not filed until after the midnight deadline.

38.    Plaintiff moved for an enlargement of time to file its adversary complaint on 5/13/19, more than 20 days after the 4/22/19 bar date.  On its face, such motion is untimely and fails as a matter of law as explained in more detail in Argument I below.

5

## ARGUMENT

**I.    DEFENDANT'S MOTION IS UNTIMELY, AND THEREFORE THE COURT LACKS THE AUTHORITY TO EXTEND THE OBJECTION DEADLINE**

It is well settled that the deadline for objecting to discharge and to dischargeability as set by the Court is intended to be a short deadline that is hard and fast, in order to effectuate the purpose of the Bankruptcy Code to allow a debtor to obtain a prompt fresh start and move forward in life.  See, e.g., In re Winthrow, 570 B.R. 452, 455 (ND Georgia 2017) ("The deadlines for (1) filing a complaint or (2) seeking an extension of time to file the complaint ... are hard and fast.").  As such, creditors in a bankruptcy case must act diligently to apprise themselves of applicable filing deadlines and make sure they strictly comply with them.  Failure to do so is at their peril and results in their claims being time barred. Id.; see also In re Robinson, 525 B.R. 822, 826 (ND Georgia 2015) (noting that deadlines provided in the Bankruptcy Rules are to be strictly construed); In re Noll, 249 B.R. 568 (M.D. Fla. 2000).

In the instant case, Plaintiff has filed a motion seeking to extend the deadline for filing an adversary complaint objecting to the Debtor's discharge and to the dischargeability of its claim.  In so doing, Plaintiff has sought to invoke Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, contending that it was unable to timely file its complaint due to "excusable neglect."  However, sub-part (b)(1) of Rule 9006 is not the appropriate sub-part for seeking an extension of the applicable objection deadline in this case; instead, by its own provisions an extension of the objection deadline has to be made under (b)(3), in accordance with the conditions specified in

6

Rules 4004(a) and 4007(c).  This is because Rules 4004(a) and 4007(c) govern

extensions of the deadlines for objecting to discharge and to dischargeability, and sup-

part (b)(1) of Rule 9006 only applies "[e]xcept as provided in paragraphs (2) and (3) of

this subdivision ... ."  Thus, Plaintiff's entire motion has been submitted under an

incorrect provision and an incorrect standard.  On this basis alone, Plaintiff's motion is

fatally flawed and should be denied.

Plaintiff's motion should also be denied because on its face it was not timely

filed.  Under both Rules 4004(a) and 4007(c), a motion for an enlargement of time to

object to discharge and/or to dischargeability must be made **BEFORE** the objection

deadline has expired.  The law governing this requirement has been aptly summarized

by the Winslow court as follows:

> The Court begins with the legal foundation that an objection to
> discharge and an objection to the dischargeability are two distinct
> and different claims for relief.  The grounds for objection to
> discharge are set forth in § 727(a)(2) through (a)(8).  The grounds
> for objection to the dischargeability of a debt are set forth in §
> 523(a)(2) through (a)(19). ...
> Not only are objections to discharge and [to] dischargeability
> controlled by different sections in Title 11, they are each governed
> by separate Bankruptcy Rules.  Bankruptcy Rule 4004(a) provides
> that a complaint objecting to a chapter 7 discharge must be filed no
> later than 60 days after the first date set for the meeting of creditors.
> This deadline may be extended on motion of a party in interest, **but
> the motion must be filed before the time has expired**.  Likewise,
> Bankruptcy Rule 4007(c) provides that a complaint to determine the
> dischargeability of a debt under § 523(c) (that is, under § 523(a)(2),
> (a)(4), or (a)(6)) must be filed no later than 60 days after the first
> date set forth the meeting of creditors.  **The court may extend this
> deadline, on motion, as long as the motion is filed before the
> time has expired**.

570 B.R. at 455 (emphasis added).

Pursuant to this governing law, unless a party's motion for an extension of the objection deadline is filed **before** the objection deadline expires, then the motion itself is untimely and the court lacks the authority to extend the deadline.  In the case at hand, the Plaintiff's motion for an extension was not filed until 5/13/19 (21 days **after** the objection deadline had already expired), and therefore the motion is untimely and must be denied.  Excusable neglect is not an available avenue of relief to the Plaintiff, and any attempt by the Plaintiff to rely upon it is misguided.  As stated by the court in Winslow: "while Bankruptcy Rule 9006(b) permits late filings when due to excusable neglect in some circumstances, **an extension due to excusable neglect is not available for application to extensions under either Bankruptcy Rule 4004 or 4007.**"  570 B.R. at 455 (emphasis added); see also In re Harper, 489 B.R. 251, 255 (ND Georgia 2013) (addressing only Rule 4007 and noting that the Rule "does not permit extensions, if sought after the expiration of this time frame, and the Court is only authorized to extend it as prescribed within the Rule.").

The Record in this case clearly shows that the Plaintiff's Complaint was not filed until the morning of 4/23/19, and that its Motion to enlarge the time for filing the Complaint was not filed until 5/13/19.  In both cases, the Complaint and the Motion were not timely filed.  This Court should therefore deny the Motion and forthwith dismiss the Complaint (a motion to dismiss is filed contemporaneously herewith).  This Court should also immediately grant the Defendant a discharge and enter the Discharge Order forthwith.

## II.  EQUITABLE TOLLING IS NOT AVAILABLE TO THE PLAINTIFF TO SALVAGE ITS LATE-FILED COMPLAINT

As noted in Argument I above, the fact that the Plaintiff's motion for enlargement of time was not filed until <u>after</u> the 4/22/19 deadline is fatal to the Plaintiff's request for relief, and this Court must therefore deny the Plaintiff's motion as untimely.  Even if the Court were to somehow reach the merits of the Plaintiff's motion and consider whether to apply some type of equitable tolling analysis, the motion still fails as a matter of law and should be denied, because the law of equitable tolling is unavailing to the Plaintiff, who had plenty of time to file an adversary complaint but failed to do so in a timely manner, as more fully explained below.

Plaintiff is not the first creditor to wait until the last minute to try to file an adversary complaint, experience technical problems in attempting to file it, and then try to claim that "extraordinary circumstances" prevented it from filing its complaint on time. Courts in other similar cases have not been sympathetic to such claims, and have refused to invoke equitable tolling to save such belated filings.  Several cases are on point, but only two need be discussed: <u>In re Harper</u>, 489 B.R. 251 (ND Georgia 2013); <u>In re Canonico</u>, Bankr. Ct. D. New Jersey (2017) (copy attached at Ex. 1).

In <u>Harper</u>, a creditor waited until 11:45 PM on the night of the deadline to file a complaint objecting to a debtor's discharge.  489 B.R. at 254.  The task of filing the complaint was delegated to a paralegal.  <u>Id</u>.  After logging in to the court's efiling service, the paralegal immediately experienced technical difficulties.  <u>Id</u>.  Among other things, there were difficulties encountered in uploading the complaint and also in attaching the exhibits thereto, as well as difficulty proceeding to the next step in the

filing process.  Id.  After additional delays, the complaint was finally accepted, 2 minutes

and 44 seconds after the midnight filing deadline.  Id.  The next morning, the creditor

communicated with the court's ECF Administrator, who conducted an inquiry and

determined that there was "nothing wrong with [the] CM/ECF system" during the time

period in question.  Id.

　　　　The Harper court analyzed the doctrine of equitable tolling and noted that there

was a split in authority as to whether the doctrine was even available as a method of

possible relief to a creditor who had missed the deadline for objecting to the

dischargeability of its claim.  It summarized available case law and found that in those

jurisdictions where equitable tolling was recognized, it was only available in very limited

circumstances, including instances where there had been detrimental reliance on a

court error (such as reliance upon an incorrectly published deadline) or where the

creditor did not gain actual knowledge of the bankruptcy filing until it was too late to act

within the 60 day period.  489 B.R. 259-60.  The Harper court found that the creditor in

its case did not fit within the very narrow circumstances under which equitable tolling

would be considered.  It stated as follows:

> Plaintiff's best argument is that computer error resulted in
> 'extraordinary circumstances' beyond its control.  This is not very
> persuasive.  The Plaintiff admits that ... [it] waited until the night of
> November 19, 2012 ... at 11:45 P.M. to begin uploading the
> complaint to the CM/ECF system.  There is nothing 'extraordinary'
> about computer 'freezes.'  This is an event that happens everyday....
> Had the Plaintiff been a hair more diligent and prepared for just such
> an eventuality, this matter would not be at issue today.  **The Court
> finds it hard to accommodate a creditor's request for equitable
> tolling of a hard and fast deadline when the creditor sat on its
> hands and waited until the last moment to meet said deadline**.

10

Id. at 260 (emphasis added).  The Harper court therefore denied the creditor's request

for equitable tolling and dismissed its late-filed adversary complaint.  Id. at 262.

    In the Canonico case, an attorney for a creditor attempted to file an adversary

complaint by logging in to CM/ECF just a few minutes before the midnight objection

filing deadline.  The attorney was able to docket the complaint in the main bankruptcy

case at 12:02:13 AM the morning after the deadline had expired, but took another 40

minutes to actually file the adversary complaint.  The attorney tried to claim that the late

filing was due to a technical issue with the CM/ECF filing system, and asserted that

equitable tolling should apply to salvage his late-filed complaint.  In analyzing that claim,

the court noted the limited application of the doctrine of equitable tolling and ultimately

concluded that it was not appropriate to invoke it under the circumstances of the case.

The court stated that despite the fact the creditor had been on notice of the objection

deadline for 60 days, yet decided to wait until it had just minutes left to try to file their

complaint, strongly weighed against equitable tolling.  It noted that any complaint filed

after the 11:59:59 PM objection deadline was not timely filed, and remarked as follows:

"The Plaintiffs were on notice of the filing deadline and cannot direct the Court to any

reason for the late filing, other than attorney error."  Id. (citing to Dalembert v.

Pendergrass (In re Pendergrass), 376 B.R. 473 (Bankr. E.D. Pa. 2007) and **noting that

attorney error does not warrant equitable tolling**).  Hence, the court deemed the

creditor's adversary complaint as untimely and therefore dismissed it.

    The holdings in Harper and Canonico are not isolated holdings.  Instead, they

are part of a host of cases that likewise deny equitable tolling based on ill-advanced

claims of "unique" or "exceptional circumstances" that actually amount to a lack of

diligence.  For example, see In re Moseley, 470 B.R. 223, 227-228 (Bankr.M.D.Fla.

2012).[1]

The bottom line in this case is that the Plaintiff was on notice of the Defendant's

bankruptcy filing from the very inception of the case, and yet it proceeded to wait until

the very last possible minute to file its complaint herein, ultimately at its own peril and

ultimately after the filing deadline had expired.  Evidence of a last minute computer

error, or attorney error, or other similar type of error, resulting in the failure to comply

with a hard and fast filing deadline is not a sufficient basis for invoking the doctrine of

equitable tolling.  Plaintiff's motion for an extension must therefore be denied.


### III.    PLAINTIFF'S RELIANCE ON 9006(c) IS A RED HERRING

In a last ditch effort to try to salvage its late-filed complaint, Plaintiff throws out

Rule 9006(c) and claims that it should have an extra day to file the complaint due to

some type of claim of "inaccessibility" on the part of the Clerk's office.  Plaintiff's motion

fails to adequately brief this issue and explain how Rule 9006(c) somehow applies to

facts in this case.  The hours for the Clerk's office are delineated in Local Rule 5001-

1(b) as being open during regular business days from 8:00 AM to 4:30 PM.  There is

nothing in the Record indicating that the Clerk's office was closed during these hours of

---

[1]Whether the "unique or exceptional circumstances" standard of equitable tolling
is even available in the 10th Circuit is a matter of debate.  While it was applied 26 years
ago in the case of In re Themy, 6 F. 3d 688 (10th Cir. 1993), almost immediately
thereafter it was said to be "disfavored" in the 10th Circuit.  See In re Home & Family,
Inc., 85 F. 3d 478, 481 (10th Cir. 1995); In re Furst, 206 B.R. 979, 981 (10th Cir. 1997).

operation, nor is there anything in the Record indicating that Plaintiff even attempted to access the Clerk's office during these hours while finding it to be inaccessible. Plaintiff's reference to Rule 9006(c) is thus a red herring, and Plaintiff's attempt to rely upon it is untenable.  Simply stated, Plaintiff's motion for an extension is not well taken and should be denied.

## CONCLUSION:

Based upon the foregoing, Defendant respectfully objects to the Plaintiff's motion for enlargement of time, and requests that the motion be denied.  Defendant further requests that the Plaintiff's Adversary Complaint be dismissed forthwith, and that the Court grant the Debtor a discharge at its very earliest opportunity.  Defendant prays for such further and additional relief as the Court may deem to be just and proper.

DATED: 6/3/19                    /s/    Will Morrison
                                        MORRISON LAW OFFICE, INC.
                                        Attorney for Defendant/Debtor


## VERIFICATION OF WILL MORRISON:

Pursuant to Utah Code Ann. § 78B-18a-106 and other applicable law, I declare under criminal penalty under the law of Utah that I am over the age of 18 and have personal knowledge of the allegations set forth in the above "Verified Statement of Additional Facts", and that such allegations are true and correct.

DATED: 6/3/19                    /s/    Will Morrison
                                        Attorney for Defendant

## <u>CERTIFICATE OF SERVICE</u>

This certifies that on 6/3/19, I caused to be served, via the method of service set forth below, a true and correct copy of the foregoing Defendant's Objection to Plaintiff's Verified Motion for Extension of Time for Filing Adversary Proceeding, upon each of the following:

Steven W Call
Ray Quinney & Nebeker, PC
via ECF Notification

Office of US Trustee
via ECF Notification

Philip G Jones
Chapter 7 Trustee
via ECF Notification

DATED:  6/3/19                          /s/      Will Morrison

14

# EXHIBIT A

## Re: Anthony J. Canonico, III and Vikki H. Canonico.
## Iris Holzberg and Andrew Holzberg,
### v.
## Anthony J. Canonico, III and Vikki H. Canonico.

Case No. 16-34088 (MBK), Adv. Pro. No. 17-01211.

**United States Bankruptcy Court, D. New Jersey.**

June 16, 2017.

Iris and Andrew Holzberg, Plaintiff, represented by Michael Makarov, Law Offices of Michael Makarov, LLC.

Vikki H Canonico, Defendant, represented by Darren M. Baldo, Darren M Baldo, Esq, LLC.

MICHAEL B. KAPLAN, Bankruptcy Judge.

Counselors:

This matter is before the Court upon the motion ("Motion") of Anthony J. Canonico, III and Vikki H. Canonico ("Defendants") for dismissal of the Adversary Complaint ("Complaint") brought by Iris Holzberg and Andrew Holzberg ("Plaintiffs"), which seeks to declare non-dischargeable certain claims arising from the Plaintiffs' hiring Defendants to perform various home-improvement tasks. The Court has reviewed the pleadings submitted and issues the following ruling:

# I. Jurisdiction

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(b) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(i). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

# II. Background

Plaintiffs hired Defendants, who own and operate US Irrigation LLC and VH Canonico Enterprises Inc., to perform various home-improvement projects. The Complaint alleges that Defendants collected at least $226,243.00 from Plaintiffs, were not licensed with the Division of Consumer Affairs as Home Improvement Contractors, and did not carry any commercial general liability insurance. Plaintiffs further aver that the work performed was deficient and the Defendants used inferior materials. As a result, Plaintiffs state they were forced to engage in substantial repairs.

On January 29, 2016, prior to the bankruptcy filing, Plaintiffs commenced an action against Defendants by filing suit in the Superior Court of New Jersey, Passaic County, Law Division ("State Court"). Defendants filed an answer and were subsequently served discovery demands. On July 22, 2016, after already granting Defendants an extension to produce discovery, the State Court entered an order compelling Defendants to provide discovery. Defendants did not fully comply with discovery and, on September 16,

2016, the State Court entered an order striking Defendants' answer without prejudice. Defendants did not cure the discovery issues and Plaintiffs moved thereafter to strike Defendants' answer with prejudice. On December 20, 2016, Defendants filed a voluntary Chapter 7 petition and informed the State Court of the pending bankruptcy. On the same day, the State Court entered an order striking Defendants' answer with prejudice.

In their bankruptcy petition, Defendants listed Plaintiffs as unsecured, nonpriority creditors on Schedule F. The bankruptcy clerk's office, through the Bankruptcy Noticing Center, issued official Form 309A ("Form 309A"), which scheduled the 341(a) Meeting of Creditors for January 20, 2017, and set March 21, 2017, as the deadline to file a complaint objecting to Debtors' discharge or the dischargeability of certain debts. On January 17, 2017, counsel for the Plaintiffs filed a Notice of Appearance in the main case and attended the scheduled 341(a) meeting. On March 17, 2017, counsel for the Plaintiffs also examined the Defendants pursuant to FED. R. BANKR. P. 2004.

Plaintiffs did not file a complaint, nor did they seek to extend the March 21, 2017 deadline. Instead, minutes before the deadline expired, Plaintiffs' counsel attempted to file an adversary complaint using the Court's electronic filing system ("CM/ECF system"). The CM/ECF system indicates that Plaintiffs' counsel began the process, by entering the system, at 11:57:01 PM on March 21, 2017.[1] Counsel was able to docket the Complaint in the main case at 12:02:13 AM on March 22, 2017. At 12:44:27 on March 22, the Complaint was filed in the adversary proceeding. According to the Court's systems department, there is nothing to suggest that the CM/ECF system was experiencing any outages or technical difficulties on the night in question.

The Complaint seeks a determination that certain debts are nondischargeable under 11 U.S.C. § 523(a) and denial of the Defendants' overall discharge under 11 U.S.C. § 727(a). The Motion seeks to dismiss the case for failure to timely file the Complaint and for failure to state a cause of action upon which relief may be granted. For the reasons set forth below, Defendants' Motion is granted as the Complaint was filed untimely.

# III. Discussion

Section 523(c)(1) requires that a debtor shall be discharged from a debt unless, after notice and hearing, the Court determines the debt to be nondischargeable. FED. R. BANKR. P. 4007(c) provides that "a complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)." FED. R. BANKR. P. 4007(c) also provides that "on motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." Plaintiffs neither filed a complaint before the deadline nor did they file a motion to extend the deadline. Moreover, FED. R. BANKR. P. 9006(b)(3) expressly limits a court's ability to extend the deadline beyond the limited parameters of FED. R. BANKR. P. 4007(c).

In their motion, Defendants argue that the Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. The basis for dismissal of the Complaint is that it was filed out of time under FED. R. BANKR. P. 4007(c) and 9006(b)(3). Defendants further argue that under FED. R. BANKR. P. 9006(c), a motion to extend must be filed before the expiration of the time allotted to file the complaint.

Defendants argue in favor of strict enforcement of the filing deadline, positing that the filing delays resulted from Plaintiffs' own miscues and miscalculations. Defendants note that Plaintiffs had a full 60-day period after the meeting of creditors, which their counsel attended, to file an adversary proceeding, but failed to do so. Defendants conclude that Plaintiffs were clearly on notice of the deadline based on their counsel's involvement in the case, including his appearance at the 341(a) Meeting and independent examinations of the Defendants under FED. R. BANKR. P. 2004. Defendants contend further that there were no problems with the CM/ECF system, and they point out that the electronic system is a convenience that allows the Plaintiffs an additional seven hours after the Clerk's office closes to file papers on time. Defendants assert that Plaintiffs are solely to blame for their failure to file the action timely.

Plaintiffs' counsel explains that the late filing was due to a technical issue with the CM/ECF filing system. Counsel asserts that he was logged into the filing system at 11:45 PM; however, the system would not allow him to get past a certain step in the Adversary Proceeding Case Opening process, in which the user must either find the defendant in the system or create a new defendant. At 11:57 PM, after unsuccessfully commencing the adversary proceeding, Plaintiffs' counsel attempted to file the Complaint under the main case. That upload was completed at 12:02 AM. Counsel continued to make efforts to open an adversary proceeding and was finally successful at 12:44 AM on March 22, 2017. Counsel contacted Michael R. Gilmore, a case management supervisor with the Court, who noted on the docket that the case was filed timely.

Plaintiffs contend that Defendants have failed to meet the burden of proving that the matter was not timely filed, and rely upon the clerk's remark noted on the docket. Additionally, Plaintiffs assert that Defendants have not submitted evidence showing that the CM/ECF system was not experiencing slowness. Plaintiffs further argue that, even if this Court determines that the Complaint was filed two minutes late, equitable tolling is applicable and the Defendants were not prejudiced by the two-minute delay. Therefore, Plaintiffs contend that they should not lose their right to challenge the dischargeability of the debt and they ask this Court to apply the doctrine of equitable tolling.

The Third Circuit Court of Appeals in _Schwartz v. Weinberg (In re Weinberg)_, 197 F. App'x 182 (3d Cir. 2006) discussed the U.S. Supreme Court's decision in _Kontrick v. Ryan_, 540 U.S. 443 (U.S. 2004), which dealt with the treatment of an untimely action seeking to deny a discharge and the application of FED. R. BANKR. P. 4004(a). In _Weinberg,_ the Third Circuit noted that "because it was undisputed that the creditor in _Kontrick_ failed to file in a timely manner and because the creditor raised no argument for tolling based on principles of equity, [the U.S. Supreme Court] did not address `[w]hether the Rules despite their strict limitations, could be softened on equitable grounds[.]'" _Weinberg,_ 197 F. App'x at 188 (quoting _Kontrick,_ 540 U.S. at 457). The Third Circuit stated further that it "has never held that those rules [FED. R. BANKR. P. 4004 and 4007] are `jurisdictional' or otherwise immune from tolling based on equitable principles." _Id._ at 188. Thus, the Third Circuit has left the door open for late filings where the equities warrant tolling of a deadline to file.

Whether the doctrine of equitable tolling could be applied is a distinct and separate question, however, from whether the doctrine should be applied. With regard to circumstances in which tolling of a deadline is appropriate, the Third Circuit has stated:

> Equitable tolling applies when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances. This occurs (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff

has timely asserted his or her rights mistakenly in the wrong forum. The plaintiff, however must exercise due diligence in preserving his claim. Equitable tolling is an extraordinary remedy which should be extended only sparingly.

*Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005) (emphasis added) (footnote omitted) (citations omitted) (internal quotations omitted).

Although there is no Third Circuit case law directly on point with respect to the specific issue presently before this court, several courts have dealt with similar circumstances, and this Court looks to those decisions for guidance. For example, in a case with a remarkably similar fact pattern before a bankruptcy court in the Northern District of Georgia, a plaintiff waited until 11:45 PM on the night of the deadline to access the CM/ECF system, despite having previously received two extensions of time. *See United Community Bank v. Harper (In re Harper)*, 489 B.R. 251 (Bankr. N.D. Ga. 2013). After three failed attempts to upload the complaint, the plaintiff successfully uploaded the document at 12:02:44 AM. The bankruptcy court found that the plaintiff was fully aware of the deadline and inexplicably waited until fifteen minutes before the deadline expired to begin the filing process. The bankruptcy court identified four situations in which other courts had applied equitable tolling; namely, when: (1) "a creditor was prevented from making a timely filing due to extraordinary circumstances beyond its control;" (2) "the debtor's conscious culpability resulted in the creditor's missing of the deadline;" (3) "affirmative clerk error" exists; or (4) "the creditor did not gain actual knowledge of the bankruptcy until it was too late to act within the sixty day period". *Id.* at 259 (citations omitted). Applying those principles to the facts in *Harper,* the bankruptcy court for the Northern District of Georgia found that application of the equitable doctrine was not warranted in that case.

A bankruptcy court in the Eastern District of Pennsylvania likewise declined to apply equitable tolling when the plaintiff filed a complaint one day late, with no explanation for any extenuating circumstances other than attorney error. *See Dalembert v. Pendergrass (In re Pendergrass)*, 376 B.R. 473 (Bankr. E.D. Pa. 2007). The court in *Pendergrass* found that "[m]ere attorney error does not fall within any of the legal theories" giving rise to equitable tolling. *Id.* at 479.

Conversely, the district court in *Saddle River Valley Bank v. Garsia*, No. 10-1922, 2010 WL 4929268 (D.N.J. Nov. 30, 2010) found that equitable tolling was warranted and reversed the bankruptcy court's strict enforcement of the deadline to file a complaint objecting to dischargeability. In that case, the plaintiff's counsel filed the complaint timely, but in the wrong forum, because the service company which counsel hired delivered the complaint to the state court instead of the bankruptcy court. The state court clerk's office notified the plaintiff, and the complaint was filed in the bankruptcy court three days past the deadline. The district court determined that plaintiff "exercised due diligence by taking sufficient steps and precautions that ordinarily would result in timely filing," and found equitable tolling to be appropriate. *Id.* at *7.

Using this case law for guidance, this Court finds that equitable tolling does not apply in the instant case. As an initial matter, the Court takes note that Plaintiffs do not assert that they were unaware of the deadline to file the complaint; further, Plaintiffs concede that they did not file their Complaint timely or make a motion by the deadline of March 21, 2017. Although Plaintiffs' counsel states he began filing the Complaint at 11:45 PM, the Court's own records indicate that counsel entered the system at 11:57 PM.[2] Therefore, the Court commences its analysis of the equities with the simple fact that Plaintiffs waited until just three minutes before the filing deadline to begin the process of filing an adversary complaint.

Here, the Plaintiffs were not prevented from filing the Complaint in a timely manner by any circumstances other than counsel's own failure to allow more than three minutes to file a complaint, notwithstanding that

Plaintiffs had been on notice of the deadline for sixty days. *See, e.g., Pendergrass,* 376 B.R. at 479 (stating that attorney error does not warrant equitable tolling); *In re Rowland,* 275 B.R. 209 (Bankr. E.D. Pa. 2002) (ruling that even if equitable tolling did apply, plaintiff failed to demonstrate they were misled by the defendant); *Schwartz v. Weinberg (In re Weinberg),* 197 F. App'x 182 (3d Cir. 2006) (affirming the district court which affirmed the bankruptcy court and found that equitable tolling did not apply where plaintiff failed to extend time to file prior to the filing deadline). Although Plaintiffs assert that there was some extraordinary way in which they were prevented from asserting their rights, the Court finds the extraordinary circumstances described in *Hedges* do not exist here. *See Hedges,* 404 F.3d at 751 (outlining the circumstances under which equitable tolling is applicable).

Notwithstanding counsel's assertion regarding alleged CM/ECF system slowness he cannot demonstrate that there was in fact any such issue. In fact, Plaintiffs' counsel contacted the clerk's office to obtain electronic records of counsel's activity, and a Systems Manager with the Court obtained the record and responded with the following message:

> I've looked into the filing in question and determined the user was in fact in our system beginning at 11:57:01PM on 3/21/17, however the transaction did not go through until 12:44:27AM on 3/22/17, as you can see from the report below. We are unable to provide the logs showing the activity in our system due to sensitive information displayed in those logs, such as IP addresses. Moreover, we are unable to determine why the filing took so long to complete (if it was in fact due to the system slowness), we are just able to see that the user was in our system during that time period.

Certification in Opposition Exhibit I, *Holzberg v. Canonico* Adv. Pro. No. 17-01211 (Bankr. D.N.J. May 8, 2017) ECF No. 12-10.

Indeed, Plaintiffs' counsel cannot establish that he was on the system prior to 11:57 PM, and cannot direct the Court's attention to any evidence showing there were any technical problems associated with the CM/ECF system. While counsel for the Plaintiffs relies on a note, docketed by a case management supervisor, which states that the Complaint was filed on time, the note is not dispositive of the issues at bar. To be clear, any Complaint filed after 11:59:59PM on March 21, 2017 was not filed timely. The Plaintiffs were on notice of the filing deadline and cannot direct the Court to any reason for the late filing, other than attorney error. *See Harper,* 489 B.R. 251. Plaintiffs also do not claim to be misled in any way or make a claim that they asserted their rights in the wrong forum. *Cf. Garsia,* 2010 WL 4929268 (applying equitable tolling where complaint filed in wrong forum). Because equitable tolling is only to be extended sparingly, *see Hedges,* 404 F.3d at 751, and because the Court finds that the Plaintiffs were not diligent in preserving their claim, equitable tolling is not warranted.

In light of the Court's determination that the Complaint was not timely filed pursuant to FED. R. BANKR. P. 4007(c) and 9006(b)(3) and that equitable tolling does not apply, the Court need not address Defendants' argument regarding the sufficiency of the pleadings.

# IV. Conclusion

For the forgoing reasons, the Court GRANTS Defendants' Motion and the Plaintiffs' Complaint is dismissed with prejudice. The Court will enter an order consistent with this opinion.

[1] Counsel for Plaintiffs argues that he initiated the process earlier, at 11:45 PM; however, he acknowledged at oral argument that there is no independent record to support his recollection. Whether or not counsel commenced his efforts to file the Complaint a few minutes earlier is of no moment for the purposes of this discussion.

[2] Whether counsel accessed the Court's electronic filing system at 11:45 PM or 11:57 PM is of no import. The Court views counsel's efforts as akin to entering the courthouse building, but never making it up to the clerk's office to timely file the Complaint. Naturally, if there were physical or technical barriers (e.g., broken elevators, crowded clerk's office, electricity shutdown, fire or health issues), the Court's analysis would differ. In this case, however, there were no such physical or technical hurdles placed before counsel. Rather, counsel's dilatory approach engendered the difficulties faced on the eve of the filing deadline.

Save trees - read court opinions online on Google Scholar.